



# OPINION

No. 04-10-00575-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Arnold and Janie **VASQUEZ**, Mark Unger, Kim and Robert Frame,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-08135
Honorable Michael Peden, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:  March 16, 2011

REVERSED AND RENDERED

This is an accelerated appeal from the trial court's denial of the City of San Antonio's

plea to the jurisdiction.  We reverse the trial court's order and render a dismissal of appellees'

claims against the City.

**DISCUSSION**

Arnold Vasquez, Mark Unger, and Kim Frame were all injured, on different dates, while riding their bicycles on a bridge along the Mission Trails Phase 1 Bicycle Path.[1] Arnold and his wife, Mark, and Kim and her husband all filed suit against multiple defendants, including the City of San Antonio. The plaintiffs, who are all appellees in this appeal, alleged the City possessed the property in question and either owned, controlled, occupied, or maintained the premises located at Mission Trails Phase 1 Bicycle Path as a public bike path. The plaintiffs alleged the City owed a duty to provide safe surroundings to those people invited to the premises to conduct business; the City breached this duty by failing to warn or make the dangerous condition safe for invited persons; and the City breached its duty to inspect the premises to discover defects on the bridge, along with construction defects caused by contractors and subcontractors. The City filed its plea to the jurisdiction arguing it was entitled to the protections provided by the Recreational Use Statute. The trial court denied the plea and this appeal ensued.

**ANALYSIS**

Under the Recreational Use Statute, if the City "gives permission to another to enter the premises for recreation," the City "does not: (1) assure that the premises are safe for that purpose; (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted." TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(c) (West Supp. 2010). The statute defines "premises" to include "land, roads, water, watercourse, private ways, and buildings, structures, machinery, and equipment attached to or located on the land, road, water, watercourse, or private

---

[1] The Mission Trail stretches nine miles along the San Antonio River, with The Alamo being the northernmost of the missions. Visitors may drive the entire San Antonio Mission Trail or travel along a hike-and-bike trail.

way." *Id.* § 75.001(2). "Recreation" is defined to include "an activity such as . . . bicycling." *Id.* § 75.001(3)(M). However, under subsection (c), the statute "shall not limit the liability of an owner, lessee, or occupant of real property who has been grossly negligent or has acted with malicious intent or in bad faith." *Id.* § 75.002(d).

Thus, the Recreational Use Statute, when applicable, "raises the burden of proof [in a premises liability case] by classifying the recreational user of [government]-owned property as a trespasser and requiring proof of gross negligence, malicious intent, or bad faith" on the part of the governmental unit. *State v. Shumake*, 199 S.W.3d 279, 281 (Tex. 2006). A landowner has no duty to warn or protect trespassers from obvious defects or conditions. *Id.* at 288. "[T]he owner may assume that the recreational user needs no warning to appreciate the dangers of natural conditions, such as a sheer cliff, a rushing river, or even a concealed rattlesnake." *Id.* "But a landowner can be liable for gross negligence in creating a condition that a recreational user would not reasonably expect to encounter on the property in the course of the permitted use." *Id.* Gross negligence requires that the landowner be subjectively aware of, and consciously indifferent to, an extreme risk of harm. *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 41.001(11)(B) (West 2008).

Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction can make two types of challenges: a challenge to the existence of jurisdictional facts or a challenge to the sufficiency of the pleadings. *Id.* at 226-27. Here, in its plea to the jurisdiction, the City asserted "Plaintiffs have failed to plead and cannot prove the City of San Antonio acted willfully, wantonly or with gross negligence with respect to any of the Plaintiffs." The City attached no affidavits or other evidence to its plea. After the City filed its plea, the plaintiffs did not amend,

or seek to amend, their petition to allege gross negligence. Nor did the plaintiffs file any response to the plea. The docketing statement filed in this appeal indicates the hearing on the plea took approximately twenty minutes and it was not recorded. Therefore, with no evidence presented on the issue of jurisdiction it appears the trial court based its order on the sufficiency of the plaintiffs' fifth amended petition.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* Whether a plaintiff has alleged such facts is a question of law reviewed *de novo*. *Id.* When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally in favor of the plaintiffs and look to their intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.*

The plaintiffs' allegations against the City are contained in a section entitled "Liability of [the City] Under *General Negligence* Theory." (emphasis added). In their fifth amended petition, the plaintiffs alleged the City possessed the property in question and either owned, controlled, occupied, or maintained the premises located at Mission Trails Phase 1 Bicycle Path as a public bike path. The plaintiffs also alleged the bike path near Espada Dam is listed on the "recommended bicycle trails of Bexar County" and "is open to the public, and the public is encouraged to use the facility." The petition alleges Arnold, Mark, and Kim as invitees were

injured on different dates, but all in the same manner: they fell from their bikes when the front tire of the bike fell into a long groove that was left open and unprotected by a county road repair employee while creating an expansion joint on the bridge over the dam. The petition alleges the City "had knowledge of the dangerous condition and failed to instruct the contractor to perfect the dangerous area for access by the public." The petition also alleges the long groove was not visible to the cyclists and there were no warning signs left by the road repair employees.

In order to establish jurisdiction, the plaintiffs had to allege that their injuries were the result of the City's gross negligence, malicious intent, or bad faith. Our review of their petition reveals no such allegation. We conclude the plaintiffs did not, even when we read their petition liberally, meet their burden to assert any claim, or allege any fact, affirmatively establishing the trial court's subject-matter jurisdiction. They did not seek leave to amend their petition and alleged no facts in the record that could establish jurisdiction with respect to their claims of general negligence. Accordingly, we reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing the plaintiffs' claims against the City.

Sandee Bryan Marion, Justice