ACCEPTED
04-15-00254-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/8/2015 6:54:08 PM
KEITH HOTTLE
CLERK

NO. 04-15-00254-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/08/15 6:54:08 PM
KEITH E. HOTTLE
Clerk

THE CITY OF SAN ANTONIO and SAN ANTONIO RIVER AUTHORITY,

*Appellants*

V.

OSVALDO PERALTA,

*Appellee*

BRIEF OF APPELLANT

THE CITY OF SAN ANTONIO
Martha G. Sepeda
Acting City Attorney
State Bar No. 13143100
Deborah Lynne Klein, Attorney IV
State Bar No. 11556750
Office of the City Attorney
Litigation Division
111 Soledad, 10th Floor
San Antonio, Texas 78205
Deborah.Klein@sanantonio.gov

ATTORNEYS FOR APPELLANT THE CITY OF SAN ANTONIO

**APPELLANT RESPECTFULLY REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

In accordance with Texas Rule of Appellate Procedure 38.1(a), Appellant presents the following list of all parties and counsel to the order from which appeal is taken:

1. **Appellants/Defendants Below**

   The City of San Antonio
   San Antonio River Authority

2. **Counsel for Appellant, City of San Antonio**

   Martha G. Sepeda
   Deborah Lynne Klein
   City of San Antonio
   Office of the City Attorney
   Litigation Division
   111 Soledad Street, 10th Floor
   San Antonio, Texas 78205

3. **Counsel for Appellant, San Antonio River Authority**

   Patrick Bernal
   Clarissa Rodriguez
   Denton, Navarro, Rocha, Bernal, Hyde & Zech
   2217 N. Main
   San Antonio, Texas 78212

4. **Appellee/Plaintiff Below**

   Osvaldo Peralta

5.      **Counsel for Appellee**

Corbin L Snow III
Snow and Laurel, L.L.P.
310 W. Sunset
San Antonio, Texas 78209

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**........................................................ i

**TABLE OF CONTENTS** .............................................................................. iii

**INDEX OF AUTHORITIES**......................................................................... iv

**STATEMENT OF THE CASE**...................................................................... vi

**STATEMENT REGARDING ORAL ARGUMENT**....................................... vii

**ISSUE PRESENTED** .................................................................................. viii

**STATEMENT OF FACTS**..............................................................................1

**SUMMARY OF THE ARGUMENT** .................................................................3

**ARGUMENT AND AUTHORITIES**.................................................................3

  **I.**  **The City of San Antonio Retains Its Sovereign Immunity Absent Clear and Unambiguous Waiver**.......................................................................3

  **II.**    **Peralta's Recovery is Precluded by the Texas Recreational Use Statute** ……………………………………………………………………………..6

    **A.**  **Peralta's Claims are Governed by the Limitations on Waiver of Immunity set forth in the Recreational Use Statute**.....................................6

    **B.**  **Peralta failed to plead facts and/or offer evidence to establish willful or wanton conduct or gross negligence by the City.** .........................................10

**PRAYER**.....................................................................................................13

**CERTIFICATE OF SERVICE** .......................................................................15

# INDEX OF AUTHORITIES

**Cases**

*City of Fort Worth v Crockett*
142 S.W.3d 550, (Tex. App. – Fort Worth 2004, *pet. denied*)...........................7, 9

*City of Plano v Homoky*
294 S.W.3d 809 (Tex.  App. – Dallas, *no pet*.). ...................................... 10, 12, 15

*City of San Antonio v Vasquez*
340 S.W.3d 844 (Tex. App. – San Antonio, 2011) .........................................9, 10

*City of Waco v Kirwan*,
298 S.W.3d 618  (Tex. 2009). ...................................................................13

*Harris County v Sykes*
136 S.W. 635 (Tex. 2004); ......................................................................4

*Lewis v City of Fort Worth*
126 Tex. 458, 89 S.W.2d 975 (1936) ....................................................5

*Liberty Mutual Ins. Co. v Garrison Contractors, Inc.*
966 S.W. 2d 482  (Tex. 1998) ...............................................................8

*National Liability & Fire Ins. Co. v Allen*
15 S.W.3d 525  (Tex. 2000)....................................................................8

*Perkins v State*
367 S.W. 140  (Tex. 1963)......................................................................8

*Sam Houston State Univ. v Anderson*
2008 W.L. 4901233, (Tex. App. – Waco, Nov. 12, 2008, no pet.)(mem. op.) ....16

*Texas Dep't Parks & Wildlife v Miranda*
133 S.W.3d 217  (Tex. 2004) ................................................... 3, 4, 7

*Tooke v City of Mexia*
    197 S.W.3d 325 (Tex. 2006). ..............................................................4, 5

*West v City of Crandall*
    130 S.W.3d 784 (Tex. App. – Dallas 2004, no pet.) ............................................13

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 75.001...................................................... 5, 7, 9
TEX. CIV. PRAC. & REM. CODE §75.002....................................................... 1, 5, 7, 8
TEX .CIV. PRAC. & REM. CODE § 75.003...................................................................5
TEX. CIV. PRAC. & REM. CODE §101.001...................................................................4
TEX. CIV. PRAC. & REM. CODE §101.021...................................................................5
TEX. CIV. PRAC. & REM. CODE § 101.0215.............................................................4, 5
TEX. CIV. PRAC. & REM. CODE §101.022...................................................................5
TEX. CIV. PRAC. & REM. CODE §101.025...................................................................5

# STATEMENT OF THE CASE

| | |
|---|---|
| **Nature of the Case:** | Plaintiff Osvaldo Peralta filed suit against the City of San Antonio and the San Antonio Housing Authority alleging a premises liability claim. (CR 1-4). Plaintiff's claim arose out of injuries allegedly sustained while cycling on a public bicycle path running alongside the San Antonio River. (CR 2) Plaintiff alleges the path in question is controlled by the City of San Antonio and/or the San Antonio River Authority. (CR 3). Plaintiff sought to recover monetary damages. |
| **Trial Court:** | The Honorable Cathy Stryker of the 224th Judicial District Court, Bexar County, Texas, is the presiding judge of the court to which this case was assigned. However, the Honorable Martha Tanner, sitting as a Visiting Judge in the 166th District Court, Bear County, Texas, heard the Plea to the Jurisdiction and signed the Order denying same which is the subject of this appeal. |
| **Trial Court's Disposition:** | The Trial Court signed an Order denying the City of San Antonio's Plea to the Jurisdiction on April 6, 2015(CR 255) |
| **Parties in the Court of Appeals:** | The Appellants, City of San Antonio and San Antonio River Authority, are the Defendants below. The Appellee, Osvaldo Peralta, is the Plaintiff below. |
| **Requested Disposition From this Court:** | The City of San Antonio seeks reversal of the Order denying its Plea to the Jurisdiction, coupled with the grant of its Plea to the Jurisdiction and dismissal of the Plaintiff's claims against it. |

## STATEMENT REGARDING ORAL ARGUMENT

The City of San Antonio believes that its Brief presents a compelling justification for reversing the trial court's order denying the City's Plea to the Jurisdiction. However, should the Court wish to hear argument of counsel regarding the matters at issue herein, the City requests that it be allowed to participate in oral argument.

## ISSUE PRESENTED

### Issue No. 1:

Whether the Trial Court erred in denying the City of San Antonio's Plea to the Jurisdiction and in refusing to dismiss the underlying action against the City, given the application of Chapter 75 of the Texas Civil Practice and Remedies Code, i.e., the Recreational Use Statute, and the absence of any competent jurisdictional pleading or evidence supporting Plaintiff's allegations of willful or wanton behavior or of gross negligence on the City's part.

The Appellee alleges injuries sustained while bicycling along a public bike path allegedly controlled by either Appellant City of San Antonio or Appellant San Antonio River Authority. Chapter 75 limits the liability of a governmental unit for injuries on premises it owns, operates, or maintains to persons in recreation on those premises to liability resulting from acts done willfully, wantonly, or with gross negligence. Because Chapter 75, by its plain and express language, applies to the circumstances of this case and because the Appellee failed to proffer any evidence to support his jurisdictional allegations of willful and wanton behavior on the part of the City, the Appellee's suit must be dismissed.

## STATEMENT OF FACTS

This suit arises from injuries sustained by Plaintiff/Appellee Osvalda Peralta on October 10, 2011 while riding his bicycle on a bike and hike path along the San Antonio River. (CR 2) Peralta alleges that he was injured when, without warning, his bike dropped into an uncovered storm sewer drain on the path. (CR 2) This drain was normally covered by a metal plate, but on the date in question the plate was missing. (CR 2) On October 8, 2013, Peralta, filed this suit against the City of San Antonio and San Antonio River Authority. (CR 1-4)

Both the City of San Antonio (City) and San Antonio River Authority (SARA) filed answers to the suit and asserted protections of governmental immunity.[1] (CR 5-7, 8-12) On November 11, 2013, the City and SARA filed Pleas to the Jurisdiction, setting the pleas to be heard November 21, 2013. (CR13-16, 46-55) Based on Peralta's admission that the incident occurred on a marked bike and hike trail, the City asserted that immunity had been waived only for actions of willful, wanton gross negligence under the provisions of the Texas Recreational Use Statute, TEX. CIV. PRAC. & REM. CODE §75.002(c) and that Peralta failed to plead any facts supporting such actions. (CR 13-14)

---

[1] The City does not concede ownership, operation, maintenance, or control of the premises in questions. Instead, the City asserts that, assuming the claimants' allegations in that regard are true, their claims against the City cannot continue by virtue of the Texas Recreational Use Statute and must be dismissed.

In response to the pleas, Peralta filed his First Amended Petition asserting willful and wanton conduct and gross negligence. (CR 55-62) He further alleged that after the incident he was approached by an employee of either the City or SARA who informed him that the stretch of the bike path was to be closed off because of the missing metal plate and that the problem would be fixed. (CR 58) Peralta also filed a response to the pleas offering an affidavit setting forth the identical facts as plead. (CR 63-79) Based on this response, the parties agreed to postpone the hearing on the pleas until discovery on jurisdictional issues could be conducted.

On April 29, 2014, Peralta was deposed. In deposition, he was specifically questioned regarding the statements contained in his affidavit, to which Peralta stated that he could not testify to that statement. (CR 147, ll. 12-22) The City and SARA refiled their pleas, offering Peralta's testimony as evidence on the jurisdictional question and again asserting its entitlement to dismissal for lack of jurisdiction. (105-133, 137-153) The matter was heard by the Honorable Judge Martha Tanner, sitting as a visiting judge. After taking the matter under advisement, Judge Tanner denied the pleas to the jurisdiction. (CR 255) the City subsequently filed this appeal.

## SUMMARY OF THE ARGUMENT

The City is entitled to dismissal of the claims asserted as Peralta has failed to plead or prove sufficient jurisdictional facts to warrant waiver of governmental immunity. Specifically, Peralta has alleged that the incidents made the basis of this suit were incurred while he was cycling on a recognized hike and bike trail. The City contends that the higher standard of care provided by the Texas Recreational Use Statute, TEX. CIV. PRAC. & REM. CODE CH. 75, applies, requiring evidence of willful, wanton or grossly negligent conduct to invoke the Court's jurisdiction. The City contends that Peralta failed to plead facts or to present competent evidence to support jurisdiction. As such, Peralta has failed to establish facts supporting the Trial Court has jurisdiction over this case and therefore the Plea to the Jurisdiction should have been granted.

## ARGUMENT AND AUTHORITIES

### I. The City of San Antonio Retains Its Sovereign Immunity Absent Clear and Unambiguous Waiver

"[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Texas Dep't Parks & Wildlife v Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction and, thus, is a proper vehicle to assert a municipality's immunity from

3

suit. *Id.* at 226-27. Whether a court has subject matter jurisdiction is a question of law that appellate courts review de novo. *Id.* at 226. In reviewing a trial court's decision on a plea, appellate courts look to the pleadings to determine if jurisdiction is proper and whether they allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.*

The City of San Antonio, as a government entity, is entitled to the protections of sovereign immunity unless the Texas Legislature clearly and explicitly waives that immunity. *Harris County v Sykes*, 136 S.W. 635, 638 (Tex. 2004); *see also* TEX. CIV. PRAC. & REM. CODE §101.001(3)(B)(defining "governmental unit" to include cities). Municipal immunity from suit depends, as a preliminary matter, upon whether the functions in question are governmental or proprietary. *Tooke v City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). Governmental functions, for which a city is immune from suit and liability, are those involving governmental matters done for the public's benefit. *Id*.; *see also* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(*providing non-exclusive list of governmental acts for tort claims purposes*). By contrast, a city's proprietary functions, for which it receives no protection from suit, are those conducted "in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government." *Tooke*, 197 S.W.3d at 343; *see also* TEX. CIV. PRAC. & REM. CODE §101.0215(b)(*providing non-exclusive list of proprietary acts for tort claims purposes*). Recreational

4

facilities are governmental functions as defined by the Tort Claims Act, as are street maintenance and design. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(3), (4), (23).; *see also **Lewis v City of Fort Worth***, 126 Tex. 458, 89 S.W.2d 975, 978 (1936) (*interpreting "recreation" to have broad meaning*); TEX. CIV. PRAC. & REM. CODE § 75.001(3)(L).

As a result, the City of San Antonio can only be liable to the extent its immunity is waived under the Texas Tort Claims Act and further limited by the Recreational Use Statute. Under the Texas Tort Claims Act, the government waives its immunity from suit for "personal injury and death so caused by a condition . . . of real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE §101.021(2); *see also* TEX. CIV. PRAC. & REM. CODE §101.025 (*Immunity waived to the extent provided by the Act*). The Act further provides that a governmental unit owes a claimant in a premises defect case only the duty owed to a licensee. TEX. CIV. PRAC. & REM. CODE §101.022(a).

However, the Texas Recreational Use Statute further modifies the duty set forth in the Tort Claims Act, setting the standard applicable to a governmental unit, such as a municipality, as requiring willful or wanton conduct or gross negligence. TEX. CIV. PRAC. & REM. CODE §75.002(f); *see also* TEX .CIV. PRAC. & REM. CODE § 75.003(g)(*"To the extent that this chapter limits the liability of a governmental unit*

5

*under circumstances in which the governmental unit would be liable under Chapter 101, this chapter controls.*")"

Thus, the City retains immunity in the absence of allegations of willful or wanton conduct or gross negligence. *Miranda*, 133 S.W. 3d at 227-28; *see also City of Fort Worth v Crockett,* 142 S.W.3d 550, 553 (Tex. App. – Fort Worth 2004, *pet. denied*). (*Texas Tort Claims Act limits its waiver of immunity from suit to the extent that its waiver of immunity from liability is limited by the Recreational Use Statute*). Because the Recreational Use Statute modifies the Texas Tort Claims Act's waiver of immunity, it is the proper subject of the City's plea to the jurisdiction and interlocutory appeal challenging its denial. *Id.* at 224-25.

## II. Peralta's Recovery is Precluded by the Texas Recreational Use Statute

### A. Peralta's Claims are Governed by the Limitations on Waiver of Immunity set forth in the Recreational Use Statute

In its Amended Plea to the Jurisdiction, the City asserted application of the Texas Recreational Use Statute and requested dismissal given Peralta's failure to plead or prove any competent jurisdictional facts to support an allegation of gross negligence or willful or wanton conduct on the City's part. (CR 139-140) Peralta challenged the application of that statute its lower standard of care. (CR 156-157)

The primary objective in construing a statute is to determine and give effect to the Legislature's intent as expressed through the plain language use therein.

6

*National Liability & Fire Ins. Co. v Allen*, 15 S.W.3d 525, 527 (Tex. 2000). A court must begin with the plain and common meaning of the statute's words, viewing them in context and giving them full effect. *Liberty Mutual Ins. Co. v Garrison Contractors, Inc.,* 966 S.W. 2d 482, 484 (Tex. 1998). "Every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible." *Perkins v State,* 367 S.W. 140, 146 (Tex. 1963).

> Texas Civil Practice and Remedies Code Section 75.002(f) states:
>
> . . . if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the government unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises.

The Act specifically defines "recreation" to include bicycling. TEX. CIV. PRAC. & RM. CODE §75.001(3)(M). The Act defines "premises" broadly to include "land, roads, water, watercourse, private ways and buildings, structures, machinery and equipment attached to or located on the land, road, water, watercourse or private way." TEX. CIV. PRAC. & REM. CODE §75.001(2).

Under the clear and express language of the statute, the Texas Legislature intended and did include bicycling on a designated cycling path, whether on or off a roadway, to be a recreational activity to which the Texas Recreational Use Statute applies. TEX. CIV. PRAC. & REM. CODE §75.001(3)(M); *See also **City of San***

7

*Antonio v Vasquez*, 340 S.W.3d 844(Tex. App. – San Antonio, 2011), *City of Fort Worth v Crockett*, 142 S.W.3d 550, 551-552 (Tex. App. – Fort Worth, *pet. denied*).

This Court has previously heard and determined that a designated bike path, even if on a roadway, is covered by the Recreational Use Statute in *City of San Antonio v Vasquez*, 340 S.W.3d 844(Tex. App. – San Antonio, 2011).  In Vasquez, five plaintiff filed suit against the City of San Antonio for injuries suffered while cycling over a bridge made part of the Mission Trail hike and bike path by the City. *Id.* at. 845.  This is the identical path at issue in this lawsuit.  *Id.* at fn.1; (CR172). Finding in favor of the City, the Court applied the trespass standard as provided in the Recreational Use Statute and determined that the plaintiffs had failed to allege any gross negligence, malicious intent or bad faith.  *Id.* at. 847.

Peralta's pleadings in this case conceded that the incident at issue occurred while he was cycling on the Mission Trail bike and hike path.  The City contends that the acknowledgement that he was on a designated bike trail previously found by this court to be subject to the Recreational Use Statute, and engaged in a defined recreation activity – biking, subject this case to the standard of care of the Recreational Use Statute.  To avoid dismissal, Peralta needed to allege facts affirmatively demonstrating that his injuries arose from gross negligence and/or willful or wanton conduct on the City's part.  TEX. CIV. PRAC. & REM. CODE § 75.002(d); *see also City of Plano v Homoky*, 294 S.W.3d 809, 817 (Tex.  App. –

8

Dallas, *no pet.*). As will be discussed below, Peralta failed to do so, thus warranting dismissal for want of jurisdiction.

In responding to the Plea to the Jurisdiction, Peralta argued that the Recreational Use Statute does not apply because his personal motivation in using the path was not "recreational" but was for purposes of transporting him to work. (CR 156) The only authority relied upon is reference to a portion of the definition of "recreation" contained in the Recreational Use Statute. TEX. CIV. PRAC. & REM. CODE § 75.001(2)(L)(*referencing "any other activity associated with enjoying nature or the outdoors"*). Peralta ignores the definition immediately following, which specifically defines "recreation" as "biking", with no limitation as to the purpose behind the biking. TEX. CIV. PRAC. & REM. CODE § 75.001(2)(M).

There is nothing in the Recreational Use Statute that limits its protection to recreational properties only if the intent of the person using the property was to enjoy the outdoors, even if the specific activity they are engaged in is defined as "recreation." In fact, Courts have already determined that the statute applies not only to persons when actively engaged in recreation, but also when the person is on the premises or journeying to or from the recreation area. *City of Plano v Homoky*, 294 S.W.3d 809, 816 (Tex. App. – Dallas 2009, *no pet.*)

Applying Peralta's interpretation, the liability of a government entity relies solely on the intent of the individual entering the property, not on the purpose for

which the property was opened to the public. Thus, a government entity would owe a lower standard of care to a person hiking across park land to enjoy nature than to a person hiking across park land as a shortcut to work. If this is true, however, a government entity, by necessity, would be responsible for maintaining all recreational lands at the higher standard, thus negating the purpose of the protections afforded by the Recreational Use Statute. Such an interpretation flies in the face of basic code construction, which is to give meaning to the Legislature's intent. In the present case, Peralta has admitted that at the time of the incident, he was on a bike path which was an integral part of a bike lane system and that he was cycling. Thus, the Recreational Use Statue is applicable.

**B.      Peralta failed to plead facts and/or offer evidence to establish willful or wanton conduct or gross negligence by the City.**

Applying the standard of care set forth by the Recreational Use Statute, Peralta was required to plead facts establishing the City of San Antonio acted in a willful and wanton manner or with gross negligence such that Peralta incurred injury. *Homoky*, 294 S.W.2d at 817. While Peralta plead the magic words, he failed to plead any facts establishing such behavior on the part of the City and failed to bring forth any such evidence at the hearing on the plea.

In applying the Recreational Use Statute, the Texas Supreme Court acknowledge that, although the standard is referenced as a "trespasser standard," it

10

is actually a specialized standard of care. ***City of Waco v Kirwan***, 298 S.W.3d 618, 623 (Tex. 2009). Under the statute, landowners must not act with "malicious intent or in bad faith." ***Id.*** The Court accepted the commonly accepted meaning of "gross negligence" which is "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety or welfare of others." ***Id.***, *see also **West v City of Crandall*** 130 S.W.3d 784, 787(Tex. App. – Dallas 2004, no pet.)(*two components – act/omission involves extreme risk and actor had actual, subjective awareness of risk but proceeded in conscious indifference to rights, safety or welfare of others*). Absent allegations of facts supporting these two components, government immunity is not waived and a trial court lacks jurisdiction over the claim.

Peralta has failed to plead facts to support a claim of gross negligence against the City. Peralta alleged merely that an unknown person, assumed to be an employee of either the City or SARA, approached him after the incident and stated that the path would be shut down because he was aware the plate covering the drain was missing and would be replaced later. (CR 56) These facts do not allege willful or wanton conduct or gross negligence on the part of the City as they do not assert, much less establish, any subjective knowledge on the part of the City of any extreme risk nor any conscious indifference by the City in ignoring such risk. There is no pleading that the City had any knowledge of the missing plate prior to the incident.

11

Even assuming for purposes of argument that the pleading does state minimal jurisdictional allegations, the allegations are not supported by competent evidence. In response to the City's Plea to the Jurisdiction, Peralta offered an affidavit swearing to the facts as alleged in the petition. (CR 73-74) However, during the course of his deposition, Peralta was questioned as follows:

Q:    Is that correct what it says in that statement? I'm going to read it. After the incident plaintiff was approached by an employee of City of San Antonio and/or San Antonio River Authority and was told by the employee that he was coming to close off that section of the path because he knew the metal plate was missing and they were going to fix the problem later. Is that true?

A:    Well, the last part of the statement I can't swear to. I just know that he said that he was going to – that he was coming to close off the area. I don't know that he mentioned the metal plate or –

Q:    Okay. Very good, thank you. So you don't know how long he knew that that metal plate was missing?

A:    No.

(CR 147, ll. 12-25) Peralta further testified that he did not know if the individual who made these remarks was a SARA employee or a City of San Antonio employee nor did he have any knowledge of how long prior to the incident the plate was missing. (CR146, ll. 22-24, CR 148, ll. 9-15)

In response to the City's Amended Plea to the Jurisdiction, Peralta offered no other evidence that the City of San Antonio had any prior knowledge regarding the missing plate, other than a resubmission of the affidavit previously filed and which he denied sufficient knowledge of to swear to in deposition. (CR 154-191) There

12

was no pleading or evidence of the City's subjective knowledge of an extreme risk or decision to ignore such risk in conscious indifference to the welfare of others.

Peralta merely alleged that an unknown person, assumed to be an employee of either the City or SARA, approached him after the incident and stated that the path would be shut down because he was aware the plate covering the drain was missing and would be replaced later. These facts do not allege willful or wanton conduct or gross negligence on the part of the City as they do not assert, much less establish, any knowledge of the missing plate prior to the incident. As such, the pleading fails to state a cause of action under the Recreational Use Statute and should be dismissed. *City of Plano v Homoky*, 294 S.W.3d at 818; *see also* ***Sam Houston State Univ. v Anderson***, No. 10-07-00403-CV, 2008 W.L. 4901233, *3 (Tex. App. – Waco, Nov. 12, 2008, no pet.)(mem. op.)(*holding that because recreational use statute applied and because claimant failed to state cause of action in terms of gross negligence, claimant failed to affirmatively demonstrate trial court's jurisdiction; plea to the jurisdiction should have been granted*).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant the City of San Antonio respectfully requests that this Court reverse the Trial Court's Order denying the City's Plea to the Jurisdiction, grant the City's Plea to the Jurisdiction, and render

13

a dismissal of Appellees' claims in the City's favor.  The City also requests such other and further relief to which it is entitled.

Respectfully submitted,

THE CITY OF SAN ANTONIO
Martha G. Sepeda
Acting City Attorney
State Bar No. 13143100
Deborah Lynne Klein, Attorney IV
State Bar No. 11556750
Office of the City Attorney
Litigation Division
111 Soledad, 10th Floor
San Antonio, Texas 78205
Deborah.Klein@sanantonio.gov


By:/s/Deborah Lynne Klein
Deborah Lynne Klein

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Brief of Appellant was on this 8th day of June, 2015, served by electronic service on the following:

Corbin L. Snow, III
Snow & Laurel, LLP
310 West Sunset
San Antonio, Texas 78209

Patrick Bernal
Clarissa M. Rodriguez
Denton, Navarro, Rocha, Bernal
Hyde & Zech
2217 N. Main
San Antonio, Texas 78212

By:/s/Deborah Lynne Klein
Deborah Lynne Klein

## CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that the Brief of Appellant, City of San Antonio, contains 3,317 words, not including the caption, table of contents, index of authorities, statement of issues presented, signature, proof of service, certificate of compliance and appendix.

By:/s/Deborah Lynne Klein
Deborah Lynne Klein

# APPENDIX

CAUSE NO. 2013-CI-16836

| | | |
|---|---|---|
| OSVALDO PERALTA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 224th JUDICIAL DISTRICT |
| | § | |
| THE CITY OF SAN ANTONIO AND | § | |
| SAN ANTONIO RIVER AUTHORITY | § | BEXAR COUNTY, TEXAS |

## ORDER ON DEFENDANTS' FIRST AMENDED PLEAS TO THE JURISDICTION

In the above entitled and numbered cause, came to be considered Defendants, CITY OF SAN ANTONIO (COSA) and SAN ANTONIO RIVER AUTHORITY'S (SARA) First Amended Pleas to the Jurisdiction and the response, and arguments of counsel, and after receiving the evidence in open court, the Court DENIES the Pleas to the Jurisdiction.

SIGNED this the _____ day of _____ 2015.

_____
JUDGE PRESIDING

☒0003/0003

Agreed as to form and substance:

The Snow Law Firm

By: _____
    Corbin L. Snow, III
    SBN: 18809100
    310 West Sunset Road
    San Antonio, Texas  78209
    (210) 820-0020
    (210) 820-0019 FAX
    corbinsnow@thesnowlawfirm.com
    Attorney for Plaintiff, OSVALDO PERALTA

Denton, Navarro, Rocha, Bernal, Hyde & Zech

By: _____
    Patrick C. Bernal
    SBN: 02208750
    Clarissa M. Rodriguez
    SBN 24056222
    2517 N. Main Avenue
    San Antonio, Texas  78212
    Telephone:  (210) 227-3243
    Facsimile:  (210) 225-4481
    patrick.bernal@rampage-sa.com
    clarissa.rodriguez@rampage-sa.com
    Attorney for Defendant, SAN ANTONIO RIVER AUTHORITY

Office of the City Attorney, Litigation Division

By: _____
    Deborah Lynne Klein, Attorney IV
    SBN: 11556750
    Michael D. Bernard, City Attorney
    SBN: 02211310
    City of San Antonio
    111 Soledad St., 10th Floor
    San Antonio, Texas  78205
    Telephone:  (210) 207-8919
    Facsimile:  (210) 207-4357
    deborah.klein@sanantonio.gov
    Attorney for Defendant, THE CITY OF SAN ANTONIO

2

TEX. CIV. PRAC. & REM. CODE § 75.001

In this chapter:

(1) "Agricultural land" means land that is located in this state and that is suitable for:

(A) use in production of plants and fruits grown for human or animal consumption, or plants grown for the production of fibers, floriculture, viticulture, horticulture, or planting seed;

(B) forestry and the growing of trees for the purpose of rendering those trees into lumber, fiber, or other items used for industrial, commercial, or personal consumption; or

(C) domestic or native farm or ranch animals kept for use or profit.

(2) "Premises" includes land, roads, water, watercourse, private ways, and buildings, structures, machinery, and equipment attached to or located on the land, road, water, watercourse, or private way.

(3) "Recreation" means an activity such as:

(A) hunting;

(B) fishing;

(C) swimming;

(D) boating;

(E) camping;

(F) picnicking;

(G) hiking;

(H) pleasure driving, including off-road motorcycling and off-road automobile driving and the use of all-terrain vehicles;

(I) nature study, including bird-watching;

(J) cave exploration;

(K) waterskiing and other water sports;

(L) any other activity associated with enjoying nature or the outdoors;

(M) bicycling and mountain biking;

(N) disc golf;

(O) on-leash and off-leash walking of dogs; or

(P) radio control flying and related activities.

(4) "Governmental unit" has the meaning assigned by Section 101.001.

(a) An owner, lessee, or occupant of agricultural land:

(1) does not owe a duty of care to a trespasser on the land; and

(2) is not liable for any injury to a trespasser on the land, except for wilful or wanton acts or gross negligence by the owner, lessee, or other occupant of agricultural land.

(b) If an owner, lessee, or occupant of agricultural land gives permission to another or invites another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

(1) assure that the premises are safe for that purpose;

(2) owe to the person to whom permission is granted or to whom the invitation is extended a greater degree of care than is owed to a trespasser on the premises; or

(3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted or to whom the invitation is extended.

(c) If an owner, lessee, or occupant of real property other than agricultural land gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

(1) assure that the premises are safe for that purpose;

(2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or

(3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

(d) Subsections (a), (b), and (c) shall not limit the liability of an owner, lessee, or occupant of real property who has been grossly negligent or has acted with malicious intent or in bad faith.

(e) In this section, "recreation" means, in addition to its meaning under Section 75.001, the following activities only if the activities take place on premises owned, operated, or maintained by a governmental unit for the purposes of those activities:

(1) hockey and in-line hockey;

(2) skating, in-line skating, roller-skating, skateboarding, and roller-blading;

(3) soap box derby use; and

(4) paintball use.

(f) Notwithstanding Subsections (b) and (c), if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises.

(g) Any premises a governmental unit owns, operates, or maintains and on which the recreational activities described in Subsections (e)(1)-(4) are conducted shall post and maintain a clearly readable sign in a clearly visible location on or near the premises. The sign shall contain the following warning language:

TEXAS LAW (CHAPTER 75, CIVIL PRACTICE AND REMEDIES CODE) LIMITS THE LIABILITY OF A GOVERNMENTAL UNIT FOR DAMAGES ARISING DIRECTLY FROM HOCKEY, IN-LINE HOCKEY, SKATING, IN-LINE SKATING, ROLLER-SKATING, SKATEBOARDING, ROLLER-BLADING, PAINTBALL USE, OR SOAP BOX DERBY USE ON PREMISES THAT THE GOVERNMENTAL UNIT OWNS, OPERATES, OR MAINTAINS FOR THAT PURPOSE.

WARNING

(h) An owner, lessee, or occupant of real property in this state is liable for trespass as a result of migration or transport of any air contaminant, as defined in Section 382.003(2), Health and Safety Code, other than odor, only upon a showing of actual and substantial damages by a plaintiff in a civil action.

(i) Subsections (b) and (c) do not affect any liability of an owner, lessee, or occupant of real property for an injury occurring outside the boundaries of the real property caused by an activity described by Section 75.001(3)(P) that originates within the boundaries of the real property.