ACCEPTED
04-15-00473-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/19/2015 4:36:46 PM
KEITH HOTTLE
CLERK

# No. 04-15-00473-CV

In The 4ᵀᴴ Court of Appeals
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/19/2015 4:36:46 PM
KEITH E. HOTTLE
Clerk

Texas Department of Insurance-Division of Workers Compensation and Commissioner Ryan Brannan, in His Official Capacity, *Appellants*

V.

Dale Brumfield, *Appellee*

On appeal from the 288ᵗʰ District Court of Bexar County, Texas; Cause No. 2015CI07374, the Honorable Larry Noll Presiding

## DALE BRUMFIELD APPELLEE'S BRIEF

**Bradley Dean McClellan**
**Of Counsel, Law Offices of Richard Pena, P.C.**
**State Bar No. 13395980**
**2211 South IH-35, Suite 300**
**Brad.McClellan@yahoo.com**
**Telephone: (512) 326-2622**
**Facsimile: (512) 326-2624**
***Counsel for Appellee, Dale Brumfield***

**November 19, 2015**
**Oral Argument Requested**

# Table of Contents

INDEX OF AUTHORITIES…………………………………………………………………..iii

ISSUES PRESENTED…………………………………………………………………..vi

APPELLANT'S BRIEF……………………………………………………………………….1

SUMMARY OF THE ARGUMENT………………………………………………………….3

STATEMENT OF FACTS……………………………………………………………. 8

ARGUMENT AND AUTHORITIES…………………………………………………………11

Issue No. 1 (in Response to Appellants' Issues Nos. 1-4): Whether the District Court properly exercised jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency along with the insurance carrier after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants and the insurance carrier have violated the statutes in question?
Dale Brumfield, the injured worker, properly sought a declaratory judgment concerning a statutory challenge to the unlawful actions of the Insurance Carrier, Zurich, and the Texas Department of Insurance-Division of Workers' Compensation, the DWC, and the DWC Commissioner where the DWC and the Commissioner are alleged to have violated the law, unlawfully failed to apply and enforce the law, and unlawfully issued a final decision contrary to the law.                                                                                     11

Response Issue No. 2 (In Response to Appellants' Issue No. 5):   A plaintiff seeking declaratory relief should certainly be allowed to replead if a curable defect exists in the pleading.                                                     41

CONCLUSION & PRAYER……………………………………………………………42

Certificate of Compliance   ………………………………………………………44

Certificate of Service  ………………………………………………………47

# Index of Authorities

## Cases

410.252................................................................................................... 29

*Beacon Nat 'l Ins. Co. v. Montemayor,* 86 S.W.3d 260, 267 (Tex. App.-Austin 2002, no pet.)............................................................................................ 25

*Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554-55 (Tex. 2000) ..................... 31

*Brewster v. Roicki*, 468 S.W.3d 134 (Tex. App.--San Antonio May 13, 2015, no pet.) ............................................................................................................5, 26, 41

*Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163 (Tex. 2004) .............................. 21

*Calvert v. Employees Ret. Sys. of Tex.*, 648 S.W.2d 418, 419 (Tex. App.--Austin 1983, writ ref'd n.r.e.)................................................................................. 32

*Campos v. Texas Prop. & Cas. Ins. Guar. Ass'n,* 282 S.W.3d 226, 230 (Tex. App.—Austin 2009, no pet.) ......................................................................... 29

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009) .................4, 14, 33

*Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945) .....................19, 32

*Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 616 (Tex. App.--San Antonio 1996, pet. denied .............................................................................. 38

*Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 716-18 (Tex. App.--Austin 2007, *pet. denied*)......................................................................19,33

*Hernandez v Tex. Dep't Ins., Workers' Comp. Div.*, No. 04-14-00123-CV,2014 WL 3747306, at 2 (Tex. App.—San Antonio July 30, 2014, no pet.) ........................ 41

*Houston General Insurance Co. v. Association Casualty Insurance Co.,* 977 S.W.2d 634 (Tex. App.—Tyler, *no pet.*) ...................................................................... 40

*Howell v. Texas Workers' Compensation Com'n,* 143 S.W.3d 416, 433 (Tex. App.--Austin 2004, *pet. denied*)............................................................................. 40

*Mid-Century Insurance Company v. Texas Workers' Compensation Commission,* 187 S.W.3d 754 (Tex. App.—Austin 2006, *no pet*.). ........................................ 20

*Nat'l Am. Ins. Co. and TDI-DWC and Commissioner Bordelon in his official capacity v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-09-00680-CV, 2013 WL 4817637, 2013 Tex. App. LEXIS 10865 (Tex. App.--Austin Aug. 28, 2013, no pet.).........7, 22

**Patel v. Tex. Dep't of Licensing & Regulation, Case No. 12-0657, ___S.W.3d___, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015)** .4, 11, 12

*Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 243 (Tex. 2012) .... 39

*San Antonio v. Vasquez*, 340 S.W.3d 844,847 (Tex. App.—San Antonio 2011, no pet.)................................................................................................................ 41

*Spawglass Constr. Corp. v. City of Houston*, 974 S.W.2d 876, 878 (Tex. App.--Houston [14th Dist.] 1998, pet. denied)......................................................... 32

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993) ........... 30

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004) ......... 30

*Tex. DOT v. Sefzik*, 355 S.W.3d 618, 621-622 (Tex. 2011). ................................... 35

*Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). ........................... 34

*Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634-35 (Tex. 2010) ........................................................................................................ 34

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002) ........................................................................................................ 34

*Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.,* 208 S.W.3d 523, 533 (Tex. App.--Austin 2006, pet. denied). ................................................................. 28

*Tex. Workers' Compensation Ins. Fund v. Del Industrial, Inc.,* 35 S.W. 3d 591, 596 (Tex. 2000)................................................................................................. 39

*Tex. Workers' Compensation Ins. Fund v. Tex. Workers' Compensation Comm'n & Watts*, 124 S.W.3d 813, 820 (Tex. App.--Austin 2003, *pet. denied*).................. 23

*Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 at 446 (Tex. 1993) ........................................................................................................ 31

Texas Government Code section 2001.171 .................................................. 28

*Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970) ................................................................................................. 20

*Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 520 (Tex. App.--Austin 2003, *pet. denied*)................................................................. 20

*Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ......................................................................................................19, 33

*Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex. App.-Austin 2000, *no pet*.)............................................. 31

*Texas Workers' Compensation Commision v. Garcia, 893 S.W.2d 504 (Tex. 1995)* ......................................................................................................36, 37

*Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd.*, 974 S.W.2d 906,911 (Tex. App.--Austin 1998, pet. denied) ................................................................. 26

**Statutes**

Tex. Civ. P. & Rem. Code § 37.006 .................................................... 21

Tex. Civ. Prac. & Rem. Code §37.003(a) ............................................. 40

Tex. Civ. Prac. & Rem. Code §5.062(a) ............................................... 40

TEX. LAB. CODE §§ 406.005, 415.022................................................. 38

TEX. LAB. CODE §406.034(b)............................................................. 38

TEX. LAB. CODE CHAPTER 91, §91.0012............................................3,11,37

Texas Government Code sections 2001.174, 2001.175......................... 28

Texas Labor Code § 410.254 ...................................................................... 6

Texas Labor Code §410.252(b)(1) ........................................................... 29

Texas Labor Code section 410.255 ........................................................... 27

**Other Authorities**

DWC APPEAL NO. 050140, 2005 TX Wrk. Comp. LEXIS 57 (decided March 14, 2005) ...................................................................................................... 15

DWC APPEAL NO. 94994, 1994 TX Wrk. Comp. LEXIS 6081, September 9, 1994 .. 16

DWC APPEAL NO. 951802, 1995 TX Wrk. Comp. LEXIS 4964, December 13, 1995 17

DWC Appeal No. 990005, 1999 TX Wrk. Comp. LEXIS 3029, decided February 19, 1999 ...................................................................................................... 17

DWC Appeals Panel No. 071023-s, decided July 23, 2007, 2007 TX Wrk. Comp. LEXIS 54. ................................................................................................. 15

## Issues Presented

**Issue No. 1 (in Response to DWC Appellant's Issue Nos. 1-4):  Whether the District Court properly exercised jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency along with the insurance carrier after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants and the insurance carrier have violated the statutes in question?**

**Dale Brumfield, the injured worker, properly sought a declaratory judgment concerning a statutory challenge to the unlawful actions of the Insurance Carrier, Zurich, and the Texas Department of Insurance-Division of Workers' Compensation, the DWC, and the DWC Commissioner where the DWC and the Commissioner are alleged to have violated the law, unlawfully failed to apply and enforce the law, and unlawfully issued a final decision contrary to the law.**

**Response Issue No. 2 (In Response to Appellants' Issue No. 5):   A plaintiff seeking declaratory relief should certainly be allowed to replead if a curable defect exists in the pleading.**

# No. <u>04-15-00473-CV</u>

---

Texas Department of Insurance-Division of Workers Compensation and Commissioner Ryan Brannan, in His Official Capacity, *Appellants*

V.

Dale Brumfield, *Appellee*

---

On appeal from the 288ᵗʰ District Court of Bexar County, Texas; Cause No. 2015CI07374, the Honorable Larry Noll Presiding

---

**DALE BRUMFIELD APPELLEE'S BRIEF**

---

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:**

Dale Brumfield, the Appellee and the Plaintiff below and the injured worker, seeks a proper declaration, application, and enforcement of challenged statutes which have been erroneously construed by the state agency with an *ultra vires* order as well as the erroneous construction by the insurance carrier. Mr. Brumfield has been wronged and continues to suffer illegal and unlawful violations of the law of the Texas Workers' Compensation Act and Chapter 91 of the Texas Labor Code by the state agency and the agency's executive officer, and

the insurance carrier. Declaratory relief against the state agency and the agency head will stop this abuse from continuing and properly enforce the laws of Texas. Mr. Brumfield is seeking the green light to proceed with his declaratory relief.

The Texas Department of Insurance-Division of Workers' Compensation, the DWC, unlawfully and incredibly issued a decision and order disallowing Dale Brumfield's statutory rights to workers' compensation benefits and denying him coverage when he did nothing wrong under the law. Such is not allowed under the limited benefits provided to injured workers of this tort reform statute, and the Texas Workers' Compensation Act and Texas Labor Code.

This interlocutory appeal should be denied, and the District Court should be allowed to hold the DWC and the DWC Commissioner (and the insurance carrier) accountable to the follow and to enforce the laws of the State of Texas to protect some of the limited statutory rights of injured workers.

## SUMMARY OF THE ARGUMENT

Under the Texas Workers' Compensation Act two fundamental rights of injured workers exists (1) unless the worker opts out of coverage within 5 days of hire coverage exists, and (2) a covered employer may not split workforces to avoid coverage of some employees. Chapter 91 of the Texas Labor Code concerning professional service organizations does not change the law. In this matter fundamental rights to the limited benefits of workers' compensation coverage have been violated and trampled upon by the state agency and the insurance carrier. Under Chapter 91 of the Texas Labor Code and the Texas Workers' Compensation Act, Dale Brumfield complied with all the statutory terms of coverage, only to have the Insurance Carrier and the state agency and state official fail to properly interpret the statutes, fail to properly apply the statutes, fail to properly enforce the statutes, and the state agency and official issued a final erroneous decision issued about the statutes being challenged.

This statutory challenge declaratory matter involves a state agency, the DWC, and the head of the agency, the DWC Commissioner, ignoring Legislative statutes and acting beyond their power in allowing an insurance carrier to attempt to evade the requirements of the Texas Workers' Compensation Act.

The DWC may not avoid being a necessary party to a statutory declaration lawsuit concerning the statutes the agency is charged to regulate and to enforce and to properly apply and which the agency and its head are accused of unlawfully violating. Further, when the state agency acts beyond and in derogation of its statutory authority, as plead herein, the state official is a proper party to a lawsuit alleging such ultra vires acts and unlawful orders and decisions. This is especially clear when administrative remedies have been exhausted and a live controversy exists.

**The Texas Supreme Court earlier this year in *Patel v. Tex. Dep't of Licensing & Regulation,* Case No. 12-0657, \_\_\_S.W.3d\_\_\_, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, \*11-12 (Tex. June 26, 2015) rejected analogous arguments from a state agency attempting to claim analogous obstacles asserted in this matter as to why the plea to the jurisdiction should be granted: immunity, redundancy, ripeness.** The Texas Supreme Court explained the rationale that in *Heinrich* that "it is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

This Court also recently rejected a governmental entities plea to the jurisdiction where like here a state agency and its head acted without "without

lawful authority statutory." *Brewster v. Roicki*, 468 S.W.3d 134 (Tex. App.--San Antonio May 13, 2015, no pet.). This Court in *Roicki* quoted from the Texas Supreme Court and explained:

> "'[S]uits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity'" but may proceed under the ultra vires exception. *Tex. Dep't of Ins. v. Reconveyance Servs., Inc.,* 306 S.W.3d 256, 258 (Tex. 2010) (per curiam).

State officials and state agencies may not ignore the law and the suits to require compliance with statutes are allowed, and District Courts are certainly allowed to make sure the executive branch of Texas follows the law especially where administrative remedies have been exhausted.

The 3rd Court of Appeals previously rejected the DWC and the Commissioner's argument (and the Insurance Carrier's position) that only judicial review under Chapter 410 is permissible between the parties:

> The Division argues that because the carriers are permitted to seek judicial review of hearing decisions applying the advisories under section 410.251 of the labor code, they are barred from bringing declaratory judgment actions under the UDJA challenging the same decisions.

The 3rd Court rejected the DWC's similar arguments and concluded: "that the trial court had jurisdiction over the declaratory judgment action pursuant to the UDJA." *Texas Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut.*

*Cas. Co.,* 212 S.W.3d 870, 874-875 (Tex App.—Austin 2006, pet. denied). This matter is not different except that a severely injured worker is seeking the judicial declarations not multi-million dollar insurance companies.

The legal resolution of the statutory declarations in this matter will likely resolve the controversy where the material and relevant facts are not disputed. Without declarations, these legal questions will arise again and again and again as to coverage under the Act and Chapter 91 of the Texas Labor Code. Workers' compensation system participants, including the pertinent state agency and official, are entitled to a final declaration of, interpretation, and enforcement of the statutory terms by the Judicial Branch subject only to changes in the laws by the Texas Legislature.

Texas Courts are duty bound to properly construe statutory requirements especially where the Legislature's will and expressly written statutes are clearly ignored and unquestionably violated by a state agency and a regulated insurance carrier.

How the DWC's (and the Commissioner's) position appears to be that it is only allowed to intervene under Texas Labor Code § 410.254, but that the DWC is somehow is not a necessary or proper party in such suits appears to create a dichotomy. This allows the DWC to continually misapply and misinterpret the law

and act in violation of the law without being held accountable. The DWC and the Commissioner's similar jurisdictional pleas arguing immunity from declaratory judgments were rejected by the 3rd Court of Appeals in 2006 in *DWC v. Lumbermens* and in 2013, last year, in the *Nat'l Ins. and DWC & Commissioner v. TPCIGA* decisions. *Texas Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870 (Tex App.—Austin 2006, *pet. denied*); *Nat'l Am. Ins. Co. and TDI-DWC and Commissioner Bordelon in his official capacity v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-09-00680-CV, 2013 WL 4817637, 2013 Tex. App. LEXIS 10865 (Tex. App.--Austin Aug. 28, 2013, no pet.)

The DWC and the Commissioner are clearly necessary to have the Texas Workers' Compensation Act and other applicable statutes properly interpreted, properly applied, and to correct unlawful violations of the Act in workers' compensation disputes concerning legal rights.

If the DWC is correct, then the Judicial Branch of Texas government would lose its oversight of the Executive Branches proper application, proper interpretation, and proper enforcement of the laws adopted by the Texas Legislature and state agencies would be free to violate the very statutes which the agency and the state official are bound to uphold.

This case involves a justiciable controversy, properly exhausted administrative remedies, and clear questions of law concerning statutory interpretations, alleged statutory violations by the DWC and failure to properly apply the law and failure to properly enforce the law. The DWC and the Commissioner cannot avoid the law and cannot hide from being required to follow the law when the state agency's actions violate the statutory requirements.

Appellant is not seeking damages from the state Defendants. Appellant is seeking to enforce the statutory rights improperly interpreted, improperly applied, and improperly enforced, and unlawfully violated by the state Appellants.

## ADDITIONAL STATEMENT OF FACTS

Dale Brumfield, Appellee, submits the following relevant procedural facts and substantive facts to this Court. Dale Brumfield's suit for declaratory relief against both the state Defendants and the Insurance Carrier plead as follows (See CR 1-14):

16. Mr. Brumfield asserts the need for declaratory relief against all Defendants in this matter, and includes all the above sections, under the Uniform Declaratory Judgments Act including under Texas Civil Practice & Remedies Code section 37.004. The DWC and the DWC Commissioner, the DWC Defendants, and the Insurance Carrier Defendant, Zurich American Insurance Company, have not properly interpreted, followed, and applied the applicable provisions of the Texas Labor Code, Texas Workers'

Compensation Act and the DWC and the Insurance Carrier's and the DWC Defendants' actions conflict with the Legislature's adoption of Texas Labor Code Section 91 and the proper interpretation of the Texas Workers' Compensation Act provisions in favor of coverage, and the DWC's previously adopted rules.

17. Further, declaration is sought that pursuant to the Client Service Agreement a covered employee is defined in paragraph 1.4 as, "Employee" shall mean any and all workers assigned by eESI to clients worksites pursuant to this agreement who have completed and signed an employment application with eESI.

18. The claimant received filled out and returned to eESI a copy of the Application for Employment Personal Information Sheet on January 18, 2014. Further, declaration is sought that pursuant to Paragraph 1.3 of the Client Service Agreement, describes the effective date of employment as: shall mean the first day of the first pay period that eESI coemploys an employee at the Client's worksite.

19. Further, declaration is sought that in connection with Texas Labor Code Ann. Sec. 91.0012 that the statutory terms of a covered employee were met regardless of any contractual terms which conflict with the statutory requirements. This Court should so declare that a worker who fills out and completes an employment application assigning the workers to the Client company is a covered employee.

20. Further, this Court should declare that that the relationship between eESI and the Client company was pursuant to a Professional Employer Services agreement in compliance with this chapter 91 of the Texas Labor Code.

19. Pursuant to Sec. 91.032. (a) A professional employer services agreement between a license holder and a client must provide that the license holder: (4) shares, as provided by Subsection (b), with the client the right to hire, fire, discipline, and reassign the covered employees. The eESI handbook provided to the Claimant indicates that this relationship existed, and this Court should so declare. Further, this Court should declare that despite any provision in the contract to the contrary, Double M Services, LLC. had the right to hire employees and/or terminate their employee relationship and still have these employees maintain their status as a covered employees.

20.    Claimant should be held as a covered employee pursuant to the applicable law as stated in the contract and under Texas Labor Code Ann. Sec. 91.042(c) and including application of sections 406.005, 406.034, 408.001 and 411.032, and this Court should so declare.  Further, this Court should declare pursuant to the Client Services Agreement, the drafters of the agreement stated in section 1.8 that:

"Professional Employer Services" shall mean services provided by eESI defined as "staff leasing services" in the laws of the State, (and by such other rules, regulations and statutes promulgated by the State)…"

This Court should declare that the intent of the drafters of this contract were to be bound by the specific Texas laws and rules, including Texas Labor Code Section 91, which expressly creates a coemployer relationship between eEmployer Solutions, Inc. and the client company, Double M Services, LLC. In section 3.2 of the Client Service Agreement, eESI affirms this relationship specifically, in compliance with applicable law, that "eESI and Client will be considered co-employers ("dual, joint, or shared employers") of the employees for the following purposes and have joint responsibility for these services.  This Court should so declare that pursuant to the applicable law, as well the enforceable contract terms, that the Claimant was a covered employee for purposes of Workers Compensation, as the laws of the State are controlling in this matter.

21.    The DWC Defendants, which include the DWC Commissioner, acted beyond their statutory authority in failing to properly apply, interpret and enforce the statutes and rules for which declaratory relief is sought. DWC Defendants cannot adopt and apply statutory interpretations and administrative rules which are inconsistent with and in conflict with the Texas Labor Code.

The District Court denied the state Defendants' and the Insurance Carrier's pleas to the jurisdiction allowing Mr. Brumfield's declaratory suits to proceed.   CR 59, Supp CR 2, 5.   This interlocutory appeal followed by the state Defendants.

## ARGUMENT & AUTHORITIES

**Issue No. 1 (in Response to DWC Appellant's Issue Nos. 1-No.4): Whether the District Court have jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants and the insurance carrier have violated the statutes in question?**

Dale Brumfield, the injured worker, properly sought a declaratory judgment concerning a statutory challenge to the unlawful actions of the Insurance Carrier, Zurich, and the Texas Department of Insurance-Division of Workers' Compensation, the DWC, and the DWC Commissioner where the DWC and the Commissioner are alleged to have violated the law, unlawfully failed to apply and enforce the law, and unlawfully issued final decision contrary to the law.

Dale Brumfield seeks to correct and to prevent the legal and procedural abuses and unlawful DWC orders which no injured worker should have to endure through the DWC's and the DWC Commissioner's erroneous and unlawful interpretation, construction, application, and enforcement of the challenged statutory requirements denying workers' compensation coverage.

The Texas Supreme Court recently in *Patel v. Tex. Dep't of Licensing & Regulation*, Case No. 12-0657, ___S.W.3d___, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015) rejected analogous arguments to the DWC's from another state agency attempting to claim the same three obstacles asserted in this matter: sovereign immunity, redundancy, ripeness.

1.  **State Agency Immunity is Waived When Statutes are Challenged as Not Being Properly Applied and Enforced as Again Explained by the Texas Supreme Court in *Patel*.**

The Texas Supreme Court, in rejecting a state agency's arguments for immunity in a jurisdictional plea, made clear this in *Patel*:

> . . . in *Heinrich* we clarified that HN5 "[f]or claims challenging the validity of . . . statutes . . . the Declaratory Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity." *Id.* (citing *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994)). And we have reiterated the principle more recently. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 & n.3 (Tex. 2011) (restating that state entities can be—and in some instances such as when the constitutionality of a statute is at issue, must be—parties to challenges under the UDJA); *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634 (Tex. 2010) (holding that allegations against the lottery commissioner were not ultra vires allegations because the claim challenged a statute and was not one involving a government officer's action or inaction).

*Patel v. Tex. Dep't of Licensing & Regulation*, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015); [Patel v. Tex. Dep't of Licensing & Regulation, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015)](). The Court allowed declaratory judgment for a statutory challenge to proceed and required the relevant governmental entities be made parties, and this is exactly what Dale Brumfield has plead.

2.  **Declaratory Remedies To Prevent Future Identical Abuses**

The Texas Supreme Court in *Patel* rejected the redundancy argument because the mere judicial review of an agency order would be limited to that particular

order and not declarations of rights and protection against future attempts to misapply the law under the statutes:

> The available remedies on appeal from an administrative finding are limited to reversal of the particular orders at issue. *Id.* But the Threaders seek more than a reversal of the citations issued to Momin and Yogi. They seek prospective injunctive relief against future agency orders based on the statutes and regulations. Accordingly, because the declaration sought goes beyond reversal of an agency order, Section 2001.174 of the APA does not provide a redundant remedy.

Patel v. Tex. Dep't of Licensing & Regulation, 2015 Tex. LEXIS 617, *18-19 (Tex. June 26, 2015); Patel v. Tex. Dep't of Licensing & Regulation, 2015 Tex. LEXIS 617, *18-19 (Tex. June 26, 2015).   As Dale Brumfield has plead beyond just the reversal of the DWC and the DWC Commissioner's final decision and order: [1]

> 21. The DWC Defendants, which include the DWC Commissioner, acted beyond their statutory authority in failing to properly apply, interpret and enforce the statutes and rules for which declaratory relief is sought.   DWC Defendants cannot adopt and apply statutory interpretations and administrative rules which are inconsistent with and in conflict with the Texas Labor Code.

This matter goes beyond just enforcement against the Insurance Carrier but to make sure Dale Brumfield is not again put through this unlawful process by the Appellees, the DWC Defendants.   This law should be properly applied without legal errors being repeated.

---

[1] CR 7,  See Paragraph 21 Plaintiff's Petition

### 3. Ripeness is Shown by Mere Initial State Action—Here an Erroneous Final State Decision & Order Exists.

Dale Brumfield's claims are ripe and certainly are not due to conjecture because she has exhausted administrative remedies and the state agency has erroneously interpreted and erroneously issued final decisions contrary to his rights as an injured worker. In *Patel*, the Texas Supreme Court determined that declaratory claims were ripe with just complaints being filed without even final agency enforcement decisions:

> Here, although [plaintiffs] have not yet faced administrative enforcement, the threat of harm is more than conjectural, hypothetical, or remote. [Plaintiff] has received two warnings for employing unlicensed threaders, and he has been referred to TDLR's legal department for enforcement.

*Patel v. Tex. Dep't of Licensing & Regulation*, 2015 Tex. LEXIS 617, *16 (Tex. June 26, 2015). The Texas Supreme Court explained the rationale in *Heinrich* that "it is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

### 4. Enforceability is Critical. The DWC Argues its Right to Intervene Shows that it Cannot Be Made a Party under Chapter 410.

The District Court properly rejected the DWC's pleas to the jurisdiction, and

yet the DWC argues in part: "The notice requirement in subsection (a)(3) would be superfluous if the Division was a proper defendant to suits for judicial review." See TEX. LAB. CODE §410.253(a)(3); Fn.2 of Appellants' Brief.

The DWC's stated position on individual Chapter 410 judicial review cases is that mere district court reversals of a final DWC decision under Chapter 410 of the Texas Labor Code are not binding as to the DWC's interpretation even if it is improper as to any other case. The DWC Appeals Panel has reiterated that:[2]

> that the decision of a [city 1] District Court had no effect "beyond its factual context" and did not bind the Texas Workers' Compensation Commission (Commission) as a matter of *stare decisis* in the Commission's interpretation of the 1989 Act.

This shows the Catch-22 that the DWC places all parties under that the DWC and Commissioner's disregard for a court decision beyond "its factual content" unless, as here, the DWC and Commissioner are made parties or intervene. This matter is of significant public importance and concerns the very basic rights to limited benefits of injured workers.

Only after the appellate decision upholding declaratory judgment in *Lumbermens* become final did the DWC Appeals Panel follow the declaration:[3]

---

[2] DWC APPEAL NO. 050140, 2005 TX Wrk. Comp. LEXIS 57 (decided March 14, 2005)

[3] DWC Appeals Panel No. 071023-s, decided July 23, 2007, 2007 TX Wrk. Comp. LEXIS 54.

Lumbermens Mutual Casualty Company filed suit against the Division seeking in part a declaratory judgment that the Advisories are inconsistent with _28 TEX. ADMIN. CODE § 130.1_ (Rule 130.1) and that their issuance and application is outside the Division's statutory authority.

The Advisories have been declared invalid and their application an _ultra vires_ act. _Lumbermens, supra._ Therefore, the adoption of an IR that is based on the Advisories is legal error and must be reversed. Prior Appeals Panel decisions applying the Advisories to rate impairment for spinal fusion surgery have been overruled by the _Lumbermens_ case.

The DWC will follow a declaratory judgment as to statutory rights and its prior errors, but will not apply a District Court's reversal of a single workers' compensation dispute decision beyond the single workers' compensation claim. The DWC's own decisions signify why declaratory judgments are allowed and clearly necessary in this matter.

Here are several more final DWC decisions from over the years refusing to follow the law in District Court cases:

(1) DWC APPEAL NO. 94994, 1994 TX Wrk. Comp. LEXIS 6081, September 9, 1994: ". . . **nor is the Commission joined as a party.** The decision is without effect, therefore, beyond its factual context, **and certainly the Commission is not bound by such a general judgment of a district court,** through _stare decisis_, in its interpretation of the Section 409.021." (Emphasis added.)

(2) DWC APPEAL NO. 951802, 1995 TX Wrk. Comp. LEXIS 4964, December 13, 1995, emphasizing: "We do not consider the Appeals Panel bound by this district court opinion in a case involving other parties and in which the commission did not participate."

(3) DWC Appeal No. 990005, 1999 TX Wrk. Comp. LEXIS 3029, decided February 19, 1999: "The Appeals Panel **is not bound by a district court opinion in a case involving other parties and in which the Commission did not participate.** Texas Workers' Compensation Commission Appeal No 94994, decided September 9, 1994." (Emphasis added.)

Dale Brumfield is legally correct in seeking declaratory relief against the DWC and the Commissioner in a proceeding in which legal determinations are sought to bind the DWC and the Commissioner.

**5. Declaratory Relief is Available to Have a Statute Construed Especially Where a State Agency Erroneously Applies a Statute**

Dale Brumfield properly exhausted administrative remedies, and she has properly sought declaratory relief beyond the DWC determinations. Any party which has exhausted DWC's administrative remedies or even without exhaustion when the DWC is erroneously applying and/or enforcing matters not found and not supported in the Texas Workers' Compensation Act may seek declaratory relief. The DWC has no jurisdiction to make declaratory judgments. The Texas Supreme Court reiterated that Declaratory Judgment Act suits to construe statutes are expressly allowed jurisdictionally against a state agency, and the DWC has unquestionably joined this lawsuit. *Texas Lottery Commission v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010). With the intervention of the DWC, the declaratory relief sought by Mr. Brumfield against both the Insurance Carrier and the DWC is clearly proper. Further, the DWC Commissioner is proper because the final action of the DWC is erroneous and in violation of the statutory terms which the DWC Commissioner is bound to enforce under Texas Labor Code Chapter 402, including Section 402.0018.

The Supreme Court in *DeQueen* reiterated that jurisdiction existed over state agencies for statutory challenges and citing to *Leeper* explained:

> [T]he DJA permits statutory challenges and governmental entities may be bound by those challenges, the DJA contemplates entities must be joined in those suits. *Leeper,* 893 S.W.2d at 446.

Dale Brumfield seeks declaratory relief against Zurich and the DWC and the DWC Commissioner in this matter.  CR

A justiciable controversy regarding whether a state agency or officer has acted beyond statutory authority provides a jurisdictional basis for a UDJA action seeking construction of that statutory authority, and this in addition to whether the private insurance company Zurich acted beyond any statutory authority.  This type of UDJA action does not implicate sovereign immunity.  *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945); *see also Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ("Private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority."). A suit for declaratory relief is not a suit against the State because it does not seek to impose liability or money damages against the state agency.  *IT-Davy,* 74 S.W.3d at 853; *Hawkins v. El Paso First Health Plans, Inc*., 214 S.W.3d 709, 716-18 (Tex. App.--Austin 2007, *pet. denied*).   A UDJA claim is *sui generis*; and, all other things being equal, a District Court's subject matter jurisdiction over it exists independently of any administrative remedies, which have been exhausted. *Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456

S.W.2d 891, 895 (Tex.1970); *Cobb,* 190 S.W.2d *at* 713; see *Texas Mun. Power*

*Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 520 (Tex. App.--Austin 2003, *pet.*

*denied*).

The Third Court in *Lumbermens* upheld the jurisdiction of a District Court

under application of the Uniform Declaratory Judgments Act, UDJA, in which a

number or insurance companies sought declaratory relief against the DWC. *Texas*

*Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut. Cas. Co.*, 212

S.W.3d 870 (Tex App.—Austin 2006, *pet. denied*). The *Lumbermens* court stated:

> Accordingly, we hold that the trial court had jurisdiction under the UDJA
> and overrule the Division's second issue.

*Lumbermens* at 875. The authority clearly exists to use the UDJA, specifically

§37.004, to pursue a declaration of statutory interpretation even when a rule

violates the Texas Workers' Compensation Act. *Mid-Century Insurance Company*

*v. Texas Workers' Compensation Commission,* 187 S.W.3d 754 (Tex. App.—Austin

2006, *no pet*.). The Austin Court of Appeals noted that:

> Mid-Century Insurance Company (Mid-Century) sought a declaration
> that this rule exceeds the Division's statutory powers and is thus invalid.
> *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997).

*Id. at* 756. So maybe the Zurich believes everyone but injured workers should be

able to bring a declaratory action, but the reality is all sides have properly sought

declaratory relief in the past, and Mr. Brumfield's declaratory request here is proper.

**6. Declaratory Relief is Proper & Needed When the DWC & the Commissioner Misapply the Law and Violate the Law.**

The DWC and the Commissioner appear to allege declaratory relief is not available at all against the DWC and the Commissioner. All parties involved will be affected by the declaratory judgment action and to be of any force and effect, the UDJA unequivocally mandates:

(a) When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

TEX. CIV. P. & REM. CODE § 37.006. *See Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163 (Tex. 2004) (The Texas Supreme Court noted that no fault and no prejudice lies with non-parties to the UDJA). If the Appellants, the DWC and the Commissioner, were not parties, then they would not be bound to follow the District Court's declarations.

**7. The DWC and Commissioner Previously Have Been Determined Proper Parties in UDJA Actions**

The 3rd Court of Appeals recently emphasized that a declaratory judgment

action is allowed for matters within and proper where a party "asked the court to declare its rights and status under certain statutory provisions" involving the Texas Workers' Compensation Act. *Nat'l Am. Ins. Co. and TDI-DWC and Commissioner Bordelon in his official capacity v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-09-00680-CV, 2013 WL 4817637, 2013 Tex. App. LEXIS 10865 (Tex. App.--Austin Aug. 28, 2013, no pet.) (mem. op.). The 3rd Court rejected the DWC's and the Commissioner's position that the trial court did not have jurisdiction to construe the statutes in issue and determined in part that "the trial court had jurisdiction to construe the statutes in issue." *Id.* The statutes in issue all were sections of the Texas Workers' Compensation Act under the Texas Labor Code. The parties were an insurance carrier, TPCIGA acting on behalf of an insurance carrier in receivership, and the DWC and the Commissioner. This Court should also allow a declaratory judgment to proceed to enforce compliance with the statutory terms. As the 3rd Court of Appeals explained in upholding the right to declaratory relief in the *Nat'l American* case:[4]

> A declaratory judgment action is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

A clear controversy exists with regards to the DWC and the Commissioner's

---

[4] Id.

proper application and proper enforcement of the statutory requirements and to prevent future violations of the law.

### 8. Insurance Carriers Are Allowed Declaratory Actions Against the TWCC and the DWC (now the DWC).

In 2003, the Third Court of Appeals allowed one insurance carrier to bring a declaratory judgment action against the injured worker and the Texas Workers' Compensation Commission, the predecessor to the DWC, after having exhausted administrative remedies was proper under the Uniform Declaratory Judgment Act. *Tex. Workers' Compensation Ins. Fund v. Tex. Workers' Compensation Comm'n & Watts*, 124 S.W.3d 813, 820 (Tex. App.--Austin 2003, *pet. denied*). The 3rd Court of Appeals in *TWCIF v. TWCC* allowed a declaratory action but agreed with the TWCC's statutory interpretation.

In 2006, the Third Court of Appeals in *Lumbermens* upheld the jurisdiction of the district court under the Uniform Declaratory Judgments Act, UDJA after an analogous matter arising out of a Chapter 410 proceeding. *Texas Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870 (Tex App.—Austin 2006, *pet. denied*). The *Lumbermens* court stated:

> The UDJA does not confer jurisdiction on trial courts; rather, it is merely a procedural device for deciding cases already within a court's jurisdiction. . . .

> Accordingly, we hold that the trial court had jurisdiction under the UDJA and

overrule the Division's second issue.

*Lumbermens* at 875.    The authority clearly exists to use the UDJA, specifically §37.004, to pursue a declaration of statutory interpretation even when a rule violates the Texas Workers' Compensation Act for cases which administrative remedies have been exhausted under Chapter 410.

The 3rd Court in the *Lumbermens* case, *TWCIF v TWCC*, and the *Nat'l Amer. and TDI-DWC v. TPCIGA*, simply allowed and upheld declaratory judgments with the DWC as a proper party.   In each case including the case decided last year, the DWC objected to the declaratory actions; however, the 3rd Court of Appeals allowed each declaratory action to proceed and determined the meaning of the statutes in question.   These three declaratory actions determined statutory rights in matters like this one arising after exhaustion of administrative remedies under Chapter 410 of the Texas Labor Code.   This is a case challenging the state agency and the insurance carrier's improper application, interpretation, and lack of compliance and enforcement of state laws.    When the Legislature adopts a law that medical benefits may not be limited in time, the DWC and the DWC Commissioner must follow that law.

The *TWCIF v. TWCC* and the *Lumbermens* cases were brought as a

declaratory judgment action in conjunction with challenging a final decision from the Chapter 410 dispute process in the Texas Labor Code. Likewise, the *Nat'l Amer. v. TPCIGA* also was brought as a declaratory judgment action subsequent to a final Chapter 410 contested case hearing yet in a separate proceeding. These cases illustrate the need for an actual controversy and that Courts are allowed to address declaratory judgments on matters within their jurisdiction and certainly after administrative remedies have been exhausted.

### 9. The DWC and the Commissioner Rely upon Inapplicable and Distinguishable Decisions as to Redundancy

The Appellants assert: While Mr. Brumfield attempts to characterize the Division and the Commissioner as "necessary parties" to his suit (C.R. at 1), such a challenge is wholly contained within his suit for judicial review. Mr. Brumfield does not provide any legal basis for his UDJA action that is not redundant of his suit for judicial review. *Appellants' Brief* p. 15 fn 3. In *Beacon Nat 'l Ins. Co. v. Montemayor,* 86 S.W.3d 260, 267 (Tex. App.--Austin 2002, no pet.). In *Beacon v. Montemayor*, the 3rd Court of Appeals explained:

> The UDJA waives this immunity when a party seeks a court's construction of a statute or rule. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 297, 38 Tex. Sup. Ct. J. 533 (Tex. 1995). Beacon's action does not seek construction of a statute or rule; . . . .

This shows that the party seeking the declaration in *Beacon* did not seek proper

statutory construction or clarification unlike the declaratory requests here and the state agency was a party to the proceeding.

The state Appellants rely upon distinguishable cases and rely in part upon *Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd.*, 974 S.W.2d 906,911 (Tex. App.--Austin 1998, pet. denied), which also involved direct actions against the state regulatory agency as a party creating enforceability against the agency without the need for a declaration.

The state Appellant's also rely upon Harvel and other cases where the governmental entity was sued and found to have immunity from suit for declaratory relief but not immunity if *ultra vires* claims were alleged as herein. *Harvel v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 13-14-00095-CV, 2015 Tex. App. LEXIS 5159, 2015 WL 2452703 (Tex. App.--Corpus Christi 2015, *pet. filed*)(13th Court of Appeals determined sovereign immunity bars the claims against state agency not an ultra vires claim.)    Harvel was decided prior to the controlling decision of the Texas Supreme Court in *Patel, supra*, and conflicts somewhat with this Court's decision in *Brewster v. Roicki, supra*.

This Court in Roicki recognized a legitimate declaratory relief action and explained the law aptly:

"'[S]uits to require state officials to comply with statutory or constitutional

provisions are not prohibited by sovereign immunity'" but may proceed under the *ultra vires* exception. *Tex. Dep't of Ins. v. Reconveyance Servs., Inc.,* 306 S.W.3d 256, 258 (Tex. 2010) (per curiam) (quoting *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009)); accord *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 620 (Tex. 2011) (per curiam). The *ultra vires* exception waives a government official's immunity in certain circumstances including where "the officer acted without legal authority." *Heinrich*, 284 S.W.3d at 372; accord *Sefzik,* 355 S.W.3d at 620.

*Brewster v. Roicki,* 468 S.W.3d 134, 138 (Tex. App.—San Antonio 2015, no pet.).

In this matter Mr. Brumfield has clearly plead the state official did not comply with statutory provisions and such falls under the ultra vires exception.

Although the DWC is not a mandatory party under Chapter 410 disputes, except under Section 410.255, and the only method to enforce proper statutory construction and enforcement against the DWC and the Commissioner is, simply and legally, to make the DWC and the Commissioner a party, in fact a necessary party for legal declarations of statutory meanings, rights, applications, and proper enforcement.

Texas Labor Code section 410.255 would require the DWC be made a party under a "substantial evidence review" standard. The 3rd Court of Appeals explained the two judicial review avenues under Chapter 410 of the Texas Labor

Code:[5]

> Section 410.301 HN4 provides that suits "regarding compensability or eligibility for or the amount of income or death benefits" are governed by modified de novo review. Tex. Lab. Code Ann. § 410.301. Substantial-evidence review is reserved as the default for any other type of reviewable appeals panel decision. *See id.* § 410.255.

To anticipate the DWC's response that §410.255 would not require the state agency to be a party or to mandate venue in Travis County—such is not accurate because the Texas Government Code provisions require the state agency be made a party if "substantial evidence review" applies and §410.252 controls judicial review and requires venue in the county of the worker's residence under either subchapter F (410.255) or subchapter G (410.301) of Chapter 410 of the Texas Labor Code. So even if Labor Code section 410.255 applies to the declaratory issues then Texas Government Code sections 2001.174, 2001.175 requiring service on state agency, apply in this case. Under Texas Government Code section 2001.176(b)(1) a petition must be filed in Travis County **"unless provided otherwise by statute."** Travis County is the default if the specific statute does not provide otherwise—here it provides local venue.

Texas Labor Code section 410.252(b)(1) statutorily mandates venue in the worker's county of residence (Bexar County) at the time of the injury. This is

---

[5] *Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.,* 208 S.W.3d 523, 533 (Tex. App.--Austin 2006, pet. denied).

consistent with the administrative hearings in this matter being held in the local DWC field office within 75 miles of the worker's residence under Texas Labor Code section 410.005. Worth noting is section 410.252 precedes section 410.255, and both of these sections are part of Subchapter F of Chapter 410. Any attempt to say section 410.252 does not apply to section 410.255 would be contrary to the express language of the statute.

The 3rd Court of Appeals previously addressed whether the backup mandatory Travis County venue under the Guaranty Act controlled over the required mandatory county of an injured worker's residence under the Texas Workers' Compensation Act. See respectively, TEX. INS. CODE § 462.017(b) and TEX. LAB. CODE § 410.252(b). See TEX. LAB. CODE § 410.252(b)(1) (party bringing suit must file petition in county where employee resided at time of injury); *Campos v. Texas Prop. & Cas. Ins. Guar. Ass'n,* 282 S.W.3d 226, 230 (Tex. App.—Austin 2009, no pet.). In *Campos v. TPCIGA*, this Court properly determined that the mandatory venue under Texas Labor Code §410.252(b)(1) the Texas Workers' Compensation Act trumped the conflict with the Insurance Code. The 3rd Court determined:[6]

> In our view, the specific venue provision of the Workers'

---

[6] *Campos v. Texas Prop. & Cas. Ins. Guar. Ass'n,* 282 S.W.3d 226, 231 (Tex. App.—Austin 2009, no pet.)

Compensation Act controls over the general venue provision of the Guaranty Act.

If the declaratory relief issues are considered these "other issues," then the DWC is a proper party under Texas Labor Code Section 410.255.

**10. The District Court Has Jurisdiction over all the Claims & Standing is Shown by the Real Controversy and Final Decision.**

Dale Brumfield has exhausted his administrative remedies before the DWC and the Commissioner with an unfavorable rulings and violations of the law by the DWC based upon erroneous statutory construction and misapplication and refusal to comply with the law by the Appellants. When reviewing a plea to the jurisdiction, the pleadings are construed in favor of the non-movant. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). "The general test for standing in Texas requires that there (a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Is there really a question that if Dale Brumfield prevails on his declarations that the real controversy will not be resolved.

The party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the non-movant's claims to confer jurisdiction on the trial court. *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex. App.-Austin 2000, *no pet*.). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence relevant to the jurisdictional issue and must do so when necessary to resolve the jurisdictional issues which have been raised. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554-55 (Tex. 2000). A court should construe the pleadings in the non-movant's favor and look to the non-movant's intent. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 at 446 (Tex. 1993). A court does not address the merits of the case in a plea to the jurisdiction; instead, the movant must establish why the merits of the non-movant's claims should not be reached. *Bland Indep. Sch. Dist.*, 34 S.W.3d *at* 554.

## 11. Texas Courts are "Duty-Bound" to Construe Statutes

Texas District Courts are inherently vested with the power to construe statutes, and Courts are not bound by an agencies interpretation or application,

especially if in clear error. If a declaratory judgment action terminates the uncertainty or controversy giving rise to the lawsuit, the District Court is duty-bound to declare the rights of the parties as to the matters on which the parties join issue. *Spawglass Constr. Corp. v. City of Houston*, 974 S.W.2d 876, 878 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); *Calvert v. Employees Ret. Sys. of Tex.*, 648 S.W.2d 418, 419 (Tex. App.--Austin 1983, writ ref'd n.r.e.). Without the DWC and the Commissioner, the enforcement of the statutes proper application would not be available to a judge.

## 12. Live Justiciable Controversy Exists

Dale Brumfield has clearly asserted that the DWC and the Commissioner interpretation and application and erroneous orders based upon the laws in question violate the statutes of Texas and the statutory responsibility, authority and limits placed upon the DWC and the Commissioner. A justiciable controversy regarding whether a state agency or officer has acted beyond statutory authority provides a jurisdictional basis for a UDJA action seeking construction of that statutory authority. This type of UDJA action does not implicate sovereign immunity. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945); *see also Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex.

2002) ("Private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority."). A suit for declaratory relief is not a suit against the State because it does not seek to impose liability or money damages against the state agency. *IT-Davy,* 74 S.W.3d at 853. This is a live controversy involving statutory challenges, applications, and enforcements.

### 13. Recent Texas Supreme Court Decisions Allow Declaratory Actions to Properly Enforce Statutes Allowed Against State Agencies & Agency Officials Acting Beyond the Statute

The Texas Supreme Court in *Patel v. Tex. Dep't of Licensing & Regulation,* Case No. 12-0657, ___S.W.3d___, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015) was following other recent decisions such as the *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009). The Court explained that that the governmental entity retains its immunity from suit when the claimant does not challenge the validity of a statute but rather challenges a government officer's application of a statute to the claimant. *Heinrich,* 284 S.W.3d at 372-73 & n.6. How is the DWC Commissioner immune from suit when the validity of his final decisions and orders are challenged as in clear violation of the statutory requirements? This is a fundamental responsibility of the Courts to stop such violations by state officials and state agencies and to make sure the state agencies and state officials follow the law in the future.

The affected party's remedy is an *ultra vires* suit against the government officer in his or his official capacity for prospective relief. *Heinrich* at 369-74. This would support DWC Commissioner being a party in this matter to properly apply the statutes in question and to not violate the statute with erroneous decisions.

**14.  Declaratory Statutory Challenges Require State Agency to be a Party**

Texas Supreme Court cases also support that the state agency is a proper party in a declaratory action to determine parties' rights under the statute that the agency regulates and enforces especially where the state agency's violates the statutory terms. *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634-35 (Tex. 2010); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994).

In *DeQueen* subsequent to *Heinrich*, the Texas Supreme Court reiterated that Declaratory Judgment Act suits to construe statutes are expressly allowed jurisdictionally against a state agency.  *Texas Lottery Commission v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010).  The DWC and the Commissioner are proper parties because without them the statutory legal questions and statutory application would not be applicable to the DWC and the Commissioner. The Supreme Court in *DeQueen* reiterated that jurisdiction over the state agency

existed and citing to *Leeper* explained:

> [T]he DJA permits statutory challenges and governmental entities may be bound by those challenges, the DJA contemplates entities must be joined in those suits. *Leeper,* 893 S.W.2d at 446.

The Texas Supreme Court further explained in *DeQueen* that statutory clarification, as expressly sought in this matter, that the state agency is a proper party:[7]

> Next, the Commission asserts that the DJA does not waive immunity because it applies only to suits involving constitutional invalidation and not to those involving statutory interpretation. But the language in the DJA does not make that distinction. In *Leeper*, . . . . **the DJA discussion was in the context of a statutory clarification. . . . . The decision on this claim may ultimately impact actions taken by officers of the Commission, but that does not deprive the trial court of jurisdiction.** [*Leeper*] at 445 (noting that the DJA allows courts to declare relief "whether or not further relief is or could be claimed"). The trial court properly exercised jurisdiction over this claim.

Subsequent to *DeQueen*, the Texas Supreme Court in *Sefzik* explained, *Tex. DOT v. Sefzik*, 355 S.W.3d 618, 621-622 (Tex. 2011):

> As noted, we dismissed Heinrich's claims seeking declaratory and injunctive relief against governmental entities, brought under the UDJA, because the entities were immune. In so doing, we necessarily concluded that the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or his rights under a statute or other law. Very likely, the same claim could be brought against the appropriate state official under the ultra vires exception, but the state agency remains immune. *See id.* at 372-73. As we have consistently stated, the UDJA does not enlarge the trial court's jurisdiction but is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Parks & Wildlife Dep't v. Sawyer*

---

[7] *DeQueen*, 325 S.W.3d 628 at 635.

*Trust*, 354 S.W.3d 384, 2011 Tex. LEXIS 640, *8 (2011) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 444 (Tex. 1993)).

*Sefzik* would have allowed a claim for statutory rights enforcement and declaration to be brought as long as the appropriate state official be named— which the DWC Commissioner is named herein if *Heinrich* even applies where the state agency has joined this lawsuit between private parties.

The DWC and the Commissioner have apparently taken no position as to the statutory interpretation, clarification, and application of the law to protect the limited benefits an injured worker is statutorily entitled to under the Texas Workers' Compensation Act. The DWC only argues no declaratory relief, and such burying one's head in the sand does not make the problem disappear. Allowing this matter to proceed will get the proper statutory clarification and legal rights of an injured worker properly interpreted and enforceable against the DWC and the DWC Commissioner and resolve the fundamental legal questions under the relevant sections of the Texas Labor Code.

The initial challenge to the 1989 Texas Workers' Compensation Act in *Garcia* was primarily a declaratory judgment action. *Texas Workers' Compensation Commission v. Garcia,* 893 S.W.2d 504, 517-518 (Tex. 1995)*.* The Texas Supreme Court reiterated as to the declaratory action against the then TWCC and the

Executive Director looking at the terms and Constitutionality of the 1989 Act, *Garcia* at 513:[8]

> Standing, which is a necessary component of subject matter jurisdiction, requires a) a real controversy between the parties, which b) will be actually determined by the judicial declaration sought.

The DWC and the Commissioner's actions ignore the statutory requirements to be applied against insurance carriers and employers and in favor of workers and health care providers.

**15. Injured Workers Are Allowed to "Opt Out" of Workers' Compensation Coverage Not "Opt In" in Texas including Under Chapter 91 of the Labor Code.**

Dale Brumfield, as to a substantive declaration sought, is entitled to coverage under the Texas Workers' Compensation Act and the Texas Labor Code because he did not "opt out" of coverage. Part of the declaratory relief sought under Chapter 91 of the Texas Labor Code including in connection with Tex. Lab. Code §91.0012 that the statutory terms of a covered employee were met regardless of any contractual terms which conflict with the statutory

---

[8] *Garcia* at 513.

requirements. CR 5, Plaintiff's Petition Section 19.  Mr. Brumfield did all that was required of him.

The Texas Workers' Compensation Act only allows the employee to "opt out" of coverage within 5 days of hire under TEX. LAB. CODE §406.034(b).   That is not alleged in this matter.   Further, any violations such as not posting proper notice of coverage do not result in a lack of coverage.

This Court previously addressed that Texas Workers' Compensation Act requires employers to provide notice to employees that they are covered by workers' compensation insurance, but the failure to provide notice will not bar workers' compensation coverage or application of the exclusive remedy provision. *Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 616 (Tex. App.--San Antonio 1996, pet. denied); *see* TEX. LAB. CODE §§ 406.005, 415.022.

Brumfield also would point out that the action and final decision and order of the DWC and the DWC Commissioner basically would allow for a split workforce depending upon the actions of the professional services organization employer or the client employer.   The general rule is ***"that an employer may not split its workforce by providing workers' compensation insurance to some workers while leaving others without coverage."*** *Tex. Workers' Compensation*

*Ins. Fund v. Del Industrial, Inc.,* 35 S.W. 3d 591, 596 (Tex. 2000). The Texas

Supreme Court later explained that:

> This is because the TWCA and our decisions are intended to prevent an
> employer from splitting its workforce by choosing coverage for some
> employees but not coverage for all—absent limited statutory or common-
> law exceptions. *See, e.g.,* TEX. LAB. CODE §§ 401.011(18), 401.012(a),
> 406.002-.003, 406.031(a); [case citations omitted]

*Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 243 (Tex. 2012).

If an employee does all that is required under the laws of the Texas

Workers' Compensation Act and Texas Labor Code Chapter 91 concerning

professional employer organization laws, then how can the employee be denied

coverage? Coverage is not excused by the failure of a client company or an

professional service organization to not follow terms of their agreements when

the employee does all the employee is required to do under the law.

Any attempt to limit or as here terminate Dale Brumfield's rights as an

injured worker would be illegal if Mr. Brumfield's declaratory relief sought proves

true. This includes not just the statutory challenges but also the contractual

challenges misinterpreted by the Appellants.

### 16. Declaratory Judgment Prevents Continued Erroneous Statutory Interpretation by the DWC and the Commissioner

In the workers' compensation area, after final administrative decisions as here, both insurance carriers and injured workers' have sought declaratory rulings concerning the validity and applicability of the DWC and the Commissioner statutes and rules. *See Mid-Century, supra*; *Fulton v. Associated Indemnity Company,* 46 S.W.3d 364 (Tex. App—Austin 2002, *pet. denied*); *Houston General Insurance Co. v. Association Casualty Insurance Co.,* 977 S.W.2d 634 (Tex. App.—Tyler, *no pet.*). Venue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute. TEX. CIV. PRAC. & REM. CODE §5.062(a); *Howell v. Texas Workers' Compensation Com'n,* 143 S.W.3d 416, 433 (Tex. App.--Austin 2004, *pet. denied*). A declaratory judgment simply declares the rights, status, or other legal relations of the parties; and under Tex. Civ. Prac. & Rem. Code §37.003(a), (b), a trial court has the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and declaration has the "force and effect of a final judgment or decree". *Howell at* 432. Without the DWC and the Commissioner present, Dale Brumfield's pleadings and claims for declaratory relief would have little effect if not arguably result in an

inability to be enforced against the DWC and the Commissioner at all if in fact the DWC and the Commissioner are not a party to correct violations of his limited legal rights under the Texas Workers' Compensation Act.

**Response Issue No. 2 (In Response to Appellants' Issue No. 5): A plaintiff seeking declaratory relief should certainly be allowed to replead if a curable defect exists in the pleading.**

The Appellants argue repleading should not be allowed if this Court at this time determines sovereign immunity. See *San Antonio v. Vasquez*, 340 S.W.3d 844,847 (Tex. App.—San Antonio 2011, no pet.). The Appellants at page 19 of their brief assert:

> Sovereign immunity affirmatively negates jurisdiction in this case, and this is not a curable defect. *See eg. Hernandez v Tex. Dep't Ins., Workers' Comp. Div.*, No. 04-14-00123-CV,2014 WL 3747306, at 2 (Tex. App.—San Antonio July 30, 2014, no pet.).

This Court should simply look at the typewritten petition in Hernandez versus the clear pleading in this matter. This Court should follow its *Brewster v. Roicki* decision and the Texas Supreme Court's decisions including the recent *Patel* decision, and if necessary allow repleading as under *Heinrich*, which Appellee believes the pleadings are sufficient.

**CONCLUSION**

This Court should allow Dale Brumfield to proceed with the declaratory judgment claim and keep as parties both the DWC and the Commissioner, in his official capacity, for the *ultra vires* claims. The jurisdiction exists due to the live controversy, exhaustion of administrative remedies, and the state agency and state official are necessary parties for proper enforceability of the statutes and to ensure proper compliance with clear statutory terms alleged to be violated by the Appellants. Otherwise, only the few injured workers who continue to fight into the courthouse will have a chance for justice on a piece by piece basis and be subjected to continual violations of the law by the DWC and the DWC Commissioner. The purpose of the Declaratory Judgment Act is to make the laws clear to all affected, enforceable as challenged, and to make sure the laws are properly applied and not violated by the state agency and the head of the state agency. The District Court Judge correctly and well within his discretion exercised subject matter jurisdiction over this matter in its entirety including the declaratory relief sought by Mr. Brumfield.

**Prayer**

Dale Brumfield respectfully requests and prays that this Court reject the interlocutory appeal of the state Appellants and affirm and uphold the District

Judge's order.  Appellee asks this Court to allow this matter to proceed to final

judgment in the District Court and for all other relief to which she is entitled.

Respectfully submitted,

/s/ Brad McClellan
Bradley Dean McClellan
State Bar No. 13395980
Of Counsel, Law Offices of Richard Pena, P.C.
2211 South IH 35, Suite 300
Austin, Texas 78741
Brad.McClellan@yahoo.com
Telephone: (512) 327-6884
Fax:  (512) 327-8354
*Attorney for Appellee, Dale Brumfield*

**CERTIFICATE OF COMPLIANCE**

In compliance with TEX. R. APP. P 9.4(i)(3), I certify that the foregoing document measured for word count using the computer program used to prepare the document and that the word count was 9,355 words.

/s/ Brad McClellan
Bradley Dean McClellan

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing, Dale Brumfield's Appellee's Brief was on the lead counsel of record by the method indicated below on November 19, 2015:

Harold J. Liller, Assistant Attorney General
harold.liller@texasattorneygeneral.gov
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548 (MC-018), Capital Station
Austin, Texas 78711-2548
512-475-4208
Facsimile: (512) 320-0167
Counsel for State Appellants
*Via efiling/eservice*

David Cluck
Flahive, Ogden & Latson
P.O. Box 201329
Austin, Texas 78720-1329
doc@fol.com
(512) 477-4405 office
(512) 241-3300 fax
Attorney for Defendant Zurich
*Via Efiling/service*

/s/ Brad McClellan
Brad McClellan